WILCKEN *v.* WEST BROOKLYN R. CO. *et al.*

*(Supreme Court, General Term, Second Department.*  June 25, 1888.)

NUISANCE—ABATEMENT—INJUNCTION.

    A complaint alleging that the running of defendants' trains on a public street in front of plaintiff's house, without right, causes a great vibration of the ground, and jars plaintiff's house insomuch that the walls and ceilings have been cracked, and that the trains are run at short intervals from early in the morning until 7 or 8 o'clock at night, making a great noise and disturbance, and emitting a large amount of smoke, which obscures the light, and gases and vapors, noxious and offensive to plaintiff, and that the operation of the trains causes plaintiff intense mental anxiety and distress, and destroys her peace and quiet, shows sufficient special injury to plaintiff to entitle her to an injunction on a demurrer which admits the wrongful occupation of the street.[1]

Appeal from special term, Kings county; CHARLES F. BROWN, Justice.

The complaint in this case, after alleging that the plaintiff, Mette Marie Wilcken, is the owner and occupant of property on Thirty-Sixth street, a public street in Brooklyn, and that defendants, the West Brooklyn Railroad Company and the Brooklyn, Bath & West End Railroad Company, have no valid authority to operate a railroad on said street, is as follows: "(23) Plaintiff further alleges that the running of defendants' heavy trains through Thirty-Sixth street, in front of the property owned by her, causes a great vibration of the ground, and shakes and jars plaintiff's house insomuch that the walls and ceilings have been cracked and injured; and plaintiff verily believes that a continued use of said railroad will cause great damage to plaintiff's house. (24) Plaintiff further alleges that the trains of the defendants, or of one of the defendants, are run through said Thirty-Sixth street, * * * at short intervals, from early in the morning until seven and eight o'clock at night, making thereby a great noise and disturbance, and emitting from the engines a large amount of smoke, which obscures the light, and gases and vapors, the odor of which is noxious and offensive to the plaintiff; that the operation of these trains in front of plaintiff's premises causes plaintiff intense mental anxiety and distress, and destroys the peace and quiet to which she is entitled, and materially impairs the enjoyment of her home." The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and appeal from the interlocutory judgment and order overruling the demurrer.

*Burrill, Zabriskie & Burrill,* for appellant The West Brooklyn Railroad Company. *Cornelius J. Furgueson, Jr.,* for appellant The Brooklyn, Bath & West End Railroad Company. *Charles S. Taber,* for respondent.

PRATT, J. The plaintiff seeks to enjoin the defendants from running trains over a portion of the public street upon which the plaintiff is an abutting owner, upon the ground that the defendants have never acquired the right to operate their road according to law, and that such operation of the railroad is a sufficient injury to the plaintiff. Technically, the plaintiff is right in her contention; but it is plain there cannot be much merit in the suit, and that the injury, if any, is slight. If the plaintiff purchased the property for the purpose of bringing a suit, such defense can only be raised by an answer. A demurrer admits all the facts, and upon such admission the only question raised is whether the complaint states facts sufficient to constitute a cause of action. The demurrer admits that the defendants have no valid authority to

---

[1] Respecting the rights of individuals in regard to nuisances which are public in their nature, see Clark v. Railway Co., (Wis.) 36 N. W. Rep. 326, and note; Holmes v. Corthell, (Me.) 12 Atl. Rep. 731, and note; Sunderland v. Martin, (Ind.) 15 N. E. Rep. 689, and note; Appeal of Campbell, (Pa.) 12 Atl. Rep. 843; Platt v. Railroad Co., (Iowa,) 37 N. W. Rep. 107; Railway Co. v. Nave, (Kan.) 17 Pac. Rep. 587; Price v. Grantz, (Pa.) 11 Atl. Rep. 794; City of San Antonio v. Stumburg, (Tex.) 7 S. W. Rep. 754; Atwood v. Partree, (Conn.) 14 Atl. Rep. 85.

maintain a railroad in this street, and it follows that such occupation of the street is a nuisance, and any one specially injured thereby may have a remedy for its abatement. We think the allegations of the complaint are barely sufficient to show that the plaintiff is specially injured by the running of trains, and hence the demurrer was properly overruled. Judgment affirmed, with costs.